NO. 07-09-0176-CR, 07-09-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 18, 2009
_____

JOSE LUIS PRADO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 55,938-A, 55,939-A; HONORABLE HAL MINER, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Jose Luis Prado, filed a notice of appeal from his convictions for manufacture and delivery of a controlled substance and sentences in Cause Nos. 55938-A and 55939-A in the 47th District Court of Potter County, Texas (the trial court). The appellate court clerk received and filed the trial court reporter's record on July 22, 2009. However, no trial court clerk's record has been filed.

On July 1, 2009, this Court received a request from the district clerk requesting an extension of time to file the clerk's record on the basis that appellant had not paid or made

arrangements to pay for the preparation of the record. Further, the district clerk noted that no court-appointed attorney had been assigned to the case. On July 6, 2009, this Court granted the district clerk's request for extension and directed appellant to certify whether he had complied with Texas Rule of Appellate Procedure 35.3(a)(2) by July 27, 2009. Further, appellant was notified that the failure to comply with this deadline may result in the appeal being abated and the cause being remanded to the trial court for further proceedings. See TEX. R. APP. P. 37.3(a)(2). To date, appellant has failed to comply with this Court's directive.

Accordingly, this appeal is abated and the cause is remanded to the trial court. Id. Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this Court. Id. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the Clerk of this Court not later than September 11, 2009.[1]

Per Curiam

Do not publish.

---

[1] A review of the record on file in this case reveals that there is currently no certification of defendant's rights of appeal on file. As a general rule, the certification should be part of the record when notice is filed. TEX. R. APP. P. 25.2(d). In addition, a copy of the certification should have been sent to the Clerk of this Court with appellant's Notice of Appeal. TEX. R. APP. P. 25.2(e).